DAN RAYFIELD
Attorney General
SCOTT KENNEDY  #260337
Senior Assistant Attorney General
GALEN KNOWLES #T26051501, WSBA 59644
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: 9716731880
Fax: 9716735000
Email:  scott.kennedy@doj.oregon.gov
        galen.knowles@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | Case No.  3:26-cv-01060-YY |
| Plaintiff, | DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT |
| v. | |
| STATE OF OREGON; TINA KOTEK, Governor of Oregon, in her official capacity; JULIE BROWN, Chair, Oregon Transportation Commission, in her official capacity; AMY JOYCE, DMV Administrator, in her official capacity, | |
| Defendants. | |

Page 1 -   DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants the State of Oregon, Governor Tina Kotek, and Driver and Motor Vehicle Services (DMV) Administrator Amy Joyce (collectively, Defendants),[1] respond to Plaintiff's Complaint as follows:

### INTRODUCTION

1.    Defendants admit that federal law enforcement agencies operate throughout the United States, including by enforcing federal immigration law. Defendants further admit that some federal law enforcement agents seek to keep their activities and identities secret from the public, including by using confidential or undercover license plates. Defendants are without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 1 and therefore deny the same.

2.    Defendants admit that DMV issues undercover license plates to certain state, local, and federal law enforcement agencies. Defendants further admit that DMV does not issue non-undercover license plates for vehicles that are not titled in Oregon. Defendants further admit that vehicles bearing license plates issued by another state or by the U.S. government can legally operate in Oregon. Defendants deny the remaining allegations in paragraph 2.[2]

### JURISDICTION AND VENUE

3.    Defendants deny that the Court has subject matter jurisdiction over this matter because Plaintiff lacks standing.

4.    Defendants admit the allegations in paragraph 4.

5.    Paragraph 5 purports to describe the Court's authority to grant relief under 28 U.S.C. §§ 1651, 2201, and 2202, which speak for themselves and are the best evidence of their contents. Defendants deny that Plaintiff's claims for relief have merit.

### PARTIES

---

[1] Defendant Julie Brown, Chair of the Oregon Transportation Commission, is filing a motion to dismiss in lieu of an answer.

[2] Defendants' responses herein are based on DMV's undercover registrations practices as of this Answer's filing date.

Page 2 -    DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

6.      Defendants admit the allegations in paragraph 6.

7.      Defendants admit the allegations in paragraph 7.

8.      Defendants admit the allegations in paragraph 8.

9.      Defendants admit that Julie Brown is being sued in her official capacity as Chair of the Oregon Transportation Commission. Defendants deny the remaining allegations in paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

## LEGAL AND FACTUAL BACKGROUND

11.     Paragraph 11 purports to describe the Supremacy Clause of the U.S. Constitution and *United States v. Washington*, 596 U.S. 832 (2022), which speak for themselves and are the best evidence of their contents.

12.     Paragraph 12 purports to describe the Take Care Clause of the U.S. Constitution, which speaks for itself and is the best evidence of its contents.

13.     Paragraph 13 purports to describe legal principles from *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197 (2020), and *Tennessee v. Davis*, 100 U.S. 257 (1879), which speak for themselves and are the best evidence of their contents.

14.     The first sentence of paragraph 14 purports to describe *Tennessee v. Davis*, 100 U.S. 257 (1879), which speaks for itself and is the best evidence of its contents. Defendants admit the second sentence of paragraph 14.

15.     Paragraph 15 purports to describe the Controlled Substances Act, which speaks for itself and is the best evidence of its contents.

16.     Paragraph 16 purports to describe the Drug Enforcement Agency's authority under 28 C.F.R. §§ 0.100–0.101 and the agency's mission statement. Those sources speak for themselves and are the best evidence of their contents.

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

17.     Paragraph 17 purports to describe the Federal Bureau of Investigation's authority under 28 C.F.R. § 0.85 and the agency's mission statement. Those sources speak for themselves and are the best evidence of their contents.

18.     Paragraph 18 purports to describe the Department of Homeland Security's (DHS) authority granted by the Constitution and various federal statutes. Those authorities speak for themselves and are the best evidence of their contents.

19.     Paragraph 19 purports to describe DHS's authority under the Immigration and Nationality Act, which speaks for itself and is the best evidence of its contents.

20.     Defendants admit that DMV is a division of the Oregon Department of Transportation and further admit that DMV is responsible for issuing registrations and license plates. The second sentence of paragraph 20 purports to describe ORS 805.060(1), which speaks for itself and is the best evidence of its contents.

21.     Defendants admit that DMV has for many years issued undercover registrations and license plates to vehicles owned by state and federal law enforcement agencies. The first clause of paragraph 21 purports to describe ORS 805.060(1), which speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in paragraph 21.

22.     Defendants admit that from April 15, 2026 to June 1, 2026, DMV temporarily paused issuance of undercover registrations and license plates to all federal law enforcement agencies. Defendants further admit that this pause did not affect state and local law enforcement agencies. Defendants deny the remaining allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants deny the allegations in paragraph 24.

25.     Defendants admit that DMV does not issue non-undercover license plates for vehicles that are not titled in Oregon. Defendants further admit that vehicles bearing license plates issued by another state or by the U.S. government can legally operate in Oregon. Defendants deny the remaining allegations in paragraph 25.

Page 4 -   DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Paragraph 29 purports to describe multiple legal authorities, which speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 33 and therefore deny the same.

34.     Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 34 and therefore deny the same.

35.     Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 35 and therefore deny the same.

36.     Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 36 and therefore deny the same.

37.     Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 37 and therefore deny the same.

38.     Defendants admit that vehicles bearing license plates issued by another state or by the U.S. government can legally operate in Oregon. Defendants are without sufficient knowledge as to the truth of the remaining allegations contained in paragraph 38 and therefore deny the same.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 40 and therefore deny the same.

Page 5 -    DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

41.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 41 and therefore deny the same.

42.    Defendants admit that only authorized individuals may access vehicle ownership information maintained by DMV and further admit that a smaller set of authorized individuals may access vehicle ownership information associated with undercover registrations. Defendants deny any remaining allegations in paragraph 42.

43.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 43 and therefore deny the same.

44.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 44 and therefore deny the same.

45.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 45 and therefore deny the same.

46.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 46 and therefore deny the same.

47.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 47 and therefore deny the same.

48.    Defendants admit that state and local law enforcement work alongside federal law enforcement agencies to respond to certain incidents. Defendants deny the remaining allegations in paragraph 48.

49.    Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraph 49 and therefore deny the same.

50.    Defendants admit that DMV issues undercover registrations to federal, state, and local law enforcement pursuant to the authority granted by ORS 805.060 and further admit that undercover registrations are helpful to some law enforcement authorities in some situations. Defendants deny the remaining allegations in paragraph 50.

51.    Defendants deny the allegations in paragraph 51.

Page 6 -    DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants admit that the public interest favors maintaining our system of federalism and the constitutional lines drawn between federal and state power, but Defendants deny that this balance has been upset by Defendants' conduct.

55. Defendants admit that the public has an interest in the safe and effective enforcement of the law, but Defendants deny that their conduct has adversely affected such enforcement.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATION OF THE SUPREMACY CLAUSE

### (UNLAWFUL DISCRIMINATION AGAINST THE FEDERAL GOVERNMENT)

56. Defendants incorporate their responses to paragraphs 1 through 55.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

### COUNT II

### VIOLATION OF THE SUPREMACY CLAUSE

### (UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)

61. Defendants incorporate their responses to paragraphs 1 through 60.

62. Defendants deny the allegations in paragraph 62.

63. Defendants admit that undercover registrations are helpful to some law enforcement authorities in some situations. Defendants further admit that DMV issues undercover registrations to some, but not all, federal, state, and local law enforcement pursuant to the authorities granted by ORS 805.060. Defendants deny the remaining allegations in paragraph 63.

Page 7 -   DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

64.    Defendants deny the allegations contained in the first sentence of paragraph 64. Defendants admit that vehicles bearing license plates issued by another state or by the U.S. government can legally operate in Oregon. Defendants are without sufficient knowledge as to the truth of the remaining allegations in paragraph 64 and therefore deny the same.

65.    Defendants deny the allegations in paragraph 65.

66.    Defendants deny the allegations in paragraph 66.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever. Defendants also deny any allegations requiring a response in the Complaint that are not expressly admitted above.

## AFFIRMATIVE DEFENSES

69.    Plaintiff's claims are barred, in whole or in part, based on the failure to state a claim upon which relief can be granted.

70.    Plaintiff's claims are barred, in whole or in part, by the Tenth Amendment to the U.S. Constitution and the anticommandeering doctrine.

71.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

72.    Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for a judgment in favor of Defendants against Plaintiff, dismissing Plaintiff's Complaint in its entirety and awarding Defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

Page 8 -    DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

DATED July 7, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


_s/ Scott  Kennedy_
SCOTT KENNEDY #260337
Senior Assistant Attorney General
GALEN KNOWLES #T26051501, WSBA
59644
Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
scott.kennedy@doj.oregon.gov
galen.knowles@doj.oregon.gov
Attorneys for Defendants

Page 9 -    DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT