DAN RAYFIELD
Attorney General
SCOTT KENNEDY #260337
Senior Assistant Attorney General
GALEN KNOWLES #T26051501, WSBA #59644
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: 9716731880
Fax: 9716735000
Email: scott.kennedy@doj.oregon.gov
galen.knowles@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON; TINA KOTEK, Governor of Oregon, in her official capacity; JULIE BROWN, Chair, Oregon Transportation Commission, in her official capacity; AMY JOYCE, DMV Administrator, in her official capacity,<br><br>Defendants. | Case No. 3:26-cv-01060-YY<br><br>CORRECTED DEFENDANT JULIE BROWN'S MOTION TO DISMISS |

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, undersigned counsel for Defendant Julie Brown certifies that the parties made a good faith effort to resolve this dispute by telephone conference on July 6, 2026. Counsel for Plaintiff indicated that Plaintiff opposes this Motion at this time.

## MOTION

Defendant Julie Brown, Chair of the Oregon Transportation Commission (OTC), moves to dismiss the Complaint as against Chair Brown under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of this motion, Chair Brown relies upon the following memorandum.

## MEMORANDUM OF LAW

On May 27, 2026, the United States filed a Complaint for declaratory and injunctive relief against the State of Oregon and three State officials in their official capacities: Governor Tina Kotek, Driver and Motor Vehicle Services (DMV) Administrator Amy Joyce, and Chair Brown. The Court should dismiss Chair Brown as a defendant because the Complaint fails to set forth any factual or legal basis for including her as a defendant.

A state official is a proper party defendant in a suit for injunctive relief only where that official is connected with the challenged policy. *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 994 (9th Cir. 2020). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (noting that a plaintiff seeking an injunction against a state agency must "name the official within the entity who can appropriately respond to injunctive relief"). In addition, a complaint fails to state a claim where it "names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1308 (N.D. Cal. 1997) (citation omitted).

The Complaint challenges under the Supremacy Clause of the U.S. Constitution DMV's alleged decision to deny undercover vehicle registrations and license plates to federal law enforcement agencies. There are no allegations that Chair Brown had or has any role in developing, promulgating, implementing, or enforcing the DMV practice the Complaint challenges. *See generally* Dkt. No. 1. The Complaint's lone reference to Chair Brown is the allegation that Brown



Department of Justice
100 SW Market Street
Portland, OR 97201
971-673-1880 / Fax: 971-673-5000

chairs the OTC and that the OTC "oversees" DMV. *Id.* ¶ 9. An allegation of supervisory authority is insufficient to state a claim against a state official. *Eu*, 979 F.2d at 704.

In any event, the Complaint mischaracterizes the relationship between the OTC and DMV. DMV is a division within the Oregon Department of Transportation (ODOT), and the DMV Administrator reports to the ODOT Director. *See* ORS 184.620(3); *see also* ORS 802.010(1)(b) (tasking ODOT with the "administration of the laws relating to motor vehicle registration"). And the ODOT Director is appointed by, and serves at the pleasure of, the Governor. ORS 184.620(1). The OTC is a wholly separate agency, consisting of five members, one of whom is selected by the Governor to serve as chair. ORS 184.612(1), (6). The OTC has certain authority over transportation issues. *See, e.g.*, ORS 184.617. But the OTC can exercise its authority only upon a majority vote, and "[a]n individual member may not exercise individually any administrative authority with respect to [ODOT]." ORS 184.612(7).

The Complaint points to no "threatened or ongoing unlawful conduct by" Chair Brown. *Jamul Action Comm.*, 974 F.3d at 994. It therefore fails to state a plausible claim for relief against her or the OTC. It also fails to allege for standing purposes injuries that are traceable to or redressable by Chair Brown. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Accordingly, Plaintiff's claims cannot proceed against Chair Brown, and she should be dismissed from this lawsuit. In the event the Court orders any relief in this action, that relief could be obtained from the remaining defendants.



Department of Justice
100 SW Market Street
Portland, OR 97201
971-673-1880 / Fax: 971-673-5000

DATED July 7, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Scott Kennedy*
SCOTT KENNEDY #260337
Senior Assistant Attorney General
GALEN KNOWLES #T26051501, WSBA #59644
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
scott.kennedy@doj.oregon.gov
galen.knowles@doj.oregon.gov
Attorneys for Defendants